**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Dorian Maurice LENIAR, Defendant—**
**Appellant.**

No. 03–50307.

D.C. No. CR–99–02069–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 12, 2004.

Linda A. Frakes, USSD—Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael J. McCabe, Law Offices of Michael McCabe, San Diego, CA, for Defendant–Appellant.

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Dorian Maurice Leniar appeals from his conviction and sentence for participating in a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ The district court correctly ruled that the government did not breach Leniar's plea agreement by failing to make motions for downward departure pursuant to United States Sentencing Guidelines section 5K1.1 or 18 U.S.C. § 3553(e). It is undisputed that the written plea agreement between Leniar and the government does not provide that Leniar would receive further sentencing consideration for additional cooperation by virtue of a government motion for downward departure.

Because "plea agreements ... are measured by contract law standards," *United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1991), and parole evidence is inadmissible to prove the existence of supplemental terms when a written contract is "clear and unambiguous," *United States v. Ajugwo,* 82 F.3d 925, 928 (9th Cir.1996), Leniar's assertion that he entered into a binding supplemental oral agreement with the government is without merit.

■ Further, the district court correctly found that the government did not decline to move for downward departure "arbitrarily," *United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994). The government afforded Leniar the benefit of his bargain prior to the execution of the plea agreement, by declining to "file the enhancement, that is under 21 U.S.C. § 851, a notice that [Leniar] had this prior felony conviction, and it would double [his] sentence."

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.